UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF | § § | |
| THE EXTRADITION OF | § § | Case No. 4:25-MJ-00233 |
| SAUL ALEJANDRO RODRIGUEZ | § § § | |

## **RESPONSE TO DEFENDANT'S MOTION TO DISCHARGE/RELEASE**

### I.  INTRODUCTION

The United States, in fulfilling its treaty[1] obligations to the United Mexican States ("Mexico"), respectfully submits this opposition to fugitive Saul Alejandro Rodriguez's ("Rodriguez" or the "fugitive") motion for discharge release (ECF No. 8), and requests that Rodriguez be held without bond pending the hearing on the certification of his extraditability to Mexico, pursuant to 18 U.S.C. §§ 3181 *et seq*.  As discussed below, Rodriguez's arguments are moot given that the U.S. Department of State has received a timely extradition request from Mexico, and in any event, they are meritless.

This case arises from Mexico's request that the United States provisionally arrest Rodriguez with a view toward his extradition for the offenses of aggravated homicide and aggravated theft.  On August 19, 2025, the United States, fulfilling its treaty obligations to Mexico, filed a Complaint seeking Rodriguez's provisional arrest, U.S. Magistrate Judge Christine L. Stetson issued an arrest warrant, and the U.S. Marshals Service arrested

---

[1] Extradition Treaty Between the United States of America and the United Mexican States, U.S.-Mex., May 4, 1978, 31 U.S.T. 5059 (the "Treaty")

Rodriguez on August 20, 2025. (ECF Nos. 1, 6.) That day, the Court conducted an initial appearance and ordered Rodriguez detained. (ECF No. 5.) On October 23, 2025, Rodriguez filed this motion for discharge/release (ECF. No. 8), which the United States opposes on grounds that Rodriguez fails to overcome the strong presumption against bail that governs in international extradition proceedings. That motion is fully briefed as of October 31, 2025. (*See also* ECF No. 9.).

Article 11(3) of the Treaty provides that a provisional arrest shall be terminated if, within a period of 60 days after the fugitive's apprehension (here, October 20, 2025), the executive authority of the United States has not received a formal extradition request from the Government of Mexico. *See* Treaty art. 11(3). On October 17, 2025, the Office of the Legal Adviser for the U.S. Department of State informed the Office of International Affairs of the U.S. Department of Justice, Criminal Division, that the U.S. Department of State had received Mexico's formal extradition request for Rodriguez via the diplomatic channel.[2] On October 23, 2025, Rodriguez filed the instant motion for bail, in which he asserts that the Treaty provides for his release because he personally did not receive the Government of Mexico's formal extradition request within 60 days after his arrest. (*See* ECF No. 8.) As discussed below, his arguments are moot and, in any event, meritless.

## II.   ARGUMENT

### A. Rodriguez's Claims Are Moot Because the United States Has Received Mexico's Request for His Extradition

---

[2] Once the U.S. Department of State finishes reviewing the formal extradition request, it will issue a declaration and submit the request to the Department of Justice for forwarding to the Court.

As a threshold matter, Rodriguez's claims regarding his provisional arrest are moot because he now is being held on the basis of Mexico's formal extradition request, and not its provisional arrest request. *See, e.g.*, *Martinez v. United States*, 828 F.3d 451, 470 (6th Cir. 2016) (en banc) ("[Rodriguez's] provisional arrest ended when Mexico submitted its formal extradition request, which means, as the panel majority correctly concluded, that his challenges to that arrest are moot."); *In re Extradition of Taylor*, No. 20-MJ-1069-DLC, 2020 WL 3893049, at *1 (D. Mass. July 10, 2020) ("[W]hile the motion was still pending, Japan submitted its formal request for the respondents' extradition to the State Department . . . effectively mooting any issues relating to the legitimacy of the provisional arrest warrants, and leaving only the issue of bail for consideration."); *United States v. Yee-Chun*, 657 F. Supp. 1270, 1271 n.1 (S.D.N.Y. 1987) ("However, the United Kingdom's subsequent formal request for extradition has rendered moot the question of the validity of the provisional arrests."). Moreover, even if Rodriguez's claims were not moot, as detailed below, they are meritless.

### B. Rodriguez's Claims Are Meritless

Because the U.S. Department of State received the formal extradition request within the 60-Day period, the treaty requires. Article 11(3) of the Treaty provides that "[p]rovisional arrest shall be terminated if, within a period of 60 days after the apprehension of the person claimed, *the executive authority of the requested Party* has not received the formal request for extradition and the documents mentioned in Article 10."

3

Treaty art. 11(3) (emphasis added). Case law makes clear that this means the U.S. Department of State must receive Mexico's formal extradition request within the 60-day period, not that the request must be provided to the U.S. Attorney's Office or filed with the Court within this period. *In re Extradition of Sanchez Rea*, No. 2:07-MC-099 KJM, 2008 WL 312533, at *1 (E.D. Cal. Feb. 4, 2008) ("On January 4, 2008, Mexico complied with its treaty requirements by providing the formal request for extradition and supporting documents to the Department of State within the 60 days it has from the date of the provisional arrest."); *In re Extradition of Mainero*, 990 F. Supp. 1208, 1215 (S.D. Cal. 1997) ("The United States, in fact, complied with Article 11, Paragraph 3, by its initial filing of diplomatic note 001831, on November 25, 1996 with the U.S. Embassy in Mexico."); *id.* at 1215 n.13 ("The documents themselves do not have to be filed in court by the 60 day period, only received by the United States.") (citing *United States v. Wiebe*, 733 F.2d 549, 554 (8th Cir. 1984); *Bozilov v. Seifert*, 983 F.2d 140 (9th Cir. 1992)); *In re Extradition of Nacif-Borge*, 829 F. Supp. 1210, 1217 (D. Nev. 1993) ("Article 11 of the extradition treaty between United States and Mexico allows sixty days after the provisional arrest for Mexico to lodge the formal extradition request with the U.S. Department of State."); *United States v. Clark*, 470 F. Supp. 976, 979 (D. Vt. 1979) (denying fugitive's release when United States received documents within 45-day period, even though filing with court occurred 57 days after provisional arrest); *cf. In re Extradition of Suyanoff*, No. 12-MJ-462 JMA, 2012 WL 4328523, *1 n.1 (E.D.N.Y. Sept. 20, 2012) ("There is a

difference between extradition treaties requiring an extraditing state to put evidence before a magistrate within a certain period of time and extradition treaties requiring an extraditing state to make the request for extradition within a certain period of time.").

Because the U.S. Department of State received the formal extradition request on October 17, 2025—within 60 days of Rodriguez's arrest on August 20, 2025—Mexico's formal extradition request is timely under the Treaty, and Article 11(3)'s provision for release has not been triggered.

For all these reasons, the motion is meritless.

## CONCLUSION

WHEREFORE, the United States respectfully requests this Court deny Rodriguez's motion.

Dated: October 31, 2025

Respectfully submitted,

JAY R. COMBS
Acting United States Attorney

By:

*s/ Christopher Rapp*
CHRISTOPHER RAPP
Assistant United States Attorney
Eastern District of Texas

5